Good morning, Your Honor. My name is Peter Nikitas. I represent the Mr. Paul Burritt Appellant who is physically present before the court this morning. The United States Circuit Court of Appeals for the Seventh Circuit must reverse and remand the district court's decisions under Rule 56 and 59E and remand the matter for trial. This is a Fourth Amendment and Fourteenth Amendment Section 1983 case of a warrantless in-home arrest that metastasized into a defamation and malicious prosecution case that nearly resulted in the suicide of a man. This is a case where just a modicum of patience, respect for the law pertaining to the threshold of Paul Burritt's home, minimal technical competence in this case would not have been necessary. On the warrantless exceptionalist in-home arrest of Paul Burritt that had no exigent circumstances like threat to life, limb, or property, threat of evidence destruction, or threat of imminent flight, the appellees jailed Mr. Burritt, arrested him in his home, marched him out in handcuffs, jailed him for a day. He managed to post a $50,000 bail and the case ensued. Seven days after the warrantless in-home arrest and three days after the appellee, Lisa Dittleson, received a copy of the Cenex receipt that corroborated Mr. Burritt's story, the county made a gratuitous defamatory communication to Prince, and electronic media with the dissemination of the unsworn probable cause statement of Ms. Dittleson. This is not a case of reporters going to the WCCA or the courthouse records or online to find the actual criminal complaint. This was a gratuitous communication by the county. What we have here, Your Honor, is the state made, the appellees made a number of arguments and the court should set them all aside. First and foremost, this was a warrantless in-home arrest of Paul Burritt. The fact that Ms. Dittleson had a search warrant does not excuse her. Even under Wisconsin statute cited in the reply brief, she has only the authority to secure the situation while she executes a warrant. She does not have the authority to make a warrantless arrest, march him out in handcuffs and take him straight to jail. This was a case, as I've cited in the reply brief, where the appellees lost their bet under New York against Harris. That was a case where the law enforcement officers made a warrantless in-home arrest of an individual, Harris. The court suppressed the confession that he made in the house, allowed the confession that he made about an hour later while in custody. It was a 5-4 decision by the U.S. Supreme Court. The dissent with Justice Marshall writing for a four-judge dissent said this is just opening the door to abuse by law enforcement authorities. And that's exactly what happened here. But in this particular case, Polk County, Lisa Dittleson in particular, lost their New York against Harris bet because while sweating him under interrogation in the jail, he denied assaulting SMH, stayed true to his story that he had told to the Hayward Police Department a week and a half earlier, and he managed to post a $50,000 bail. With the minimal technical competence, Your Honor, this case would not have been necessary. Mr. Burrett made the world aware that he had a Garmin and that he used a Verizon wireless cell phone to communicate with the child's mother while he was underway. The Hayward Police Department knew it as early as 28 November. Ms. Dittleson knew it. She got a search warrant on the 5th of December. She insinuated to the circuit court that she would need some time to do a forensic analysis of this electronic evidence. That turned out to be incorrect and patently false. What we have here is a case where she executed the warrant on Verizon wireless on the 6th of December. Within a week, Verizon wireless came across with the cell phone records that corroborated Mr. Burrett's story, put him near Hertel and Webster where he said to the law enforcement officers where he was, and that undercut the child's story. The most important piece of evidence here was an electronic alibi that had no dog in a fight, and that was his Garmin GPS. Ms. Dittleson actually knew about that as soon as she got the case on 2 December. She got a warrant to get that Garmin. Contrary to the appellee's representations, it took 24 hours for a skilled St. Croix County Sheriff's deputy only 46 miles away to download the data and find that the track that Mr. Burrett had described was the actual track and putting the lie to the child's story. Do you think there was probable cause for the search warrant? There was probable cause for the Garmin itself because he had represented, I've got the Garmin, I used a Verizon wireless cell phone. There was no probable cause to arrest him in his house without an arrest warrant. Now, the state would have needed to prove exigent circumstances and there were none existing. I draw the court's attention to some cases that I found in a post-reply briefing. Sutterfield against the City of Milwaukee, which is a 2014 decision of the Seventh Circuit. Hawkins against Mitchell, which was a 2014 decision. That one is 756 Fed 3rd 983, particularly 992. And then there was a case, Cook against O'Neill, which this court decided on September 23rd. The citation is 2015 US App Lexus 16838. That case is easily distinguished from this case. In that particular case, there was an existing arrest warrant for Cook. It wasn't his apartment. By plain view, the cops saw that he was in there and the arrest was good. But Judge Hamilton pointed out that if it were the girlfriend who were bringing a Section 1983 case, it could have come out very differently. The Sornberger case is a close case to this one. We had a case where we had three disputed material facts. We had a computer that was disinterested, electronic alibi, and this court reversed the summary judgment decision. And a recent case from July 31st was the Milan case involving the unsecured Wi-Fi. Like Sornberger and Milan, with minimal technical competence and patience and just good police work and due regard for clearly established law on warrantless in-home arrests, this case would not have been necessary. I reserve the balance of my time for rebuttal, and the court should reverse and remand the trial. Okay, thank you. Mr. Nikitas? Ms. Shiler? May it please the court? The district court found in favor of the defendants in granted summary judgment. There are three issues which I think the court should refer to during this argument. From the commencement of this action, plaintiff has litigated his Fourth Amendment claim on the grounds that his warrantless arrest violated the Constitution. His complaint and briefing in response to defendant's motion for summary judgment never asserted any claims regarding any unlawful entry into his home. And in fact, in its decision granting the defendant's motion for summary judgment, the district court raised the issue and noted that there was no evidence in the record that showed that the entry was unlawful. In fact, Investigator Ditliffson had a valid search warrant to enter the house and thus had a legal right to retrieve the GPS device inside the house. Second, Burrett consented to the entry. The district court raised the issue and found no proposed facts regarding consent because in fact it had not ever been asserted by a plaintiff in his complaint or in the briefing. Burrett provided no evidence whatsoever that he did not consent to the entry. Wouldn't there still have to be a reason for the arrest? Just because you're in someone's house with the person's consent doesn't mean you can arrest the person. That is correct. Once law enforcement is legally in the house, the entry is lawful based on the search warrant and consent, but then the arrest would need probable cause. And in this case, Investigator Ditliffson had probable cause to arrest Mr. Burrett because the entry into the house was legal based on the search warrant and consent. And then once she's inside the house, she still needs probable cause to arrest, which she had. Well, did she acquire that probable cause because she was in the house or did she have it already? She had it already. Then why hadn't she asked for an arrest warrant? In Wisconsin, Polk County follows the statute 96804. An arrest warrant is issued along with a complaint and a complaint based on 96802 is filed by the district attorney. There's evidence in this case that the complaint was prepared and filed by the district attorney's office. And for that reason, that wasn't Investigator Ditliffson's fault that there was not an arrest warrant. She proceeded with her affidavit to get the search warrant, which allowed her to retrieve the GPS device. She consulted with the district attorney regarding the evidence that was in the case, the information provided by the child, the corroborating evidence that was provided as well. In addition to the child's statement, there was the description of the property. Didn't the Supreme Court's Payton case say that you have to have a warrant to arrest a person in a home? Now, there are various, you know, circumstances and consent and so on. But it seems that all the probable cause evidence existed before she entered his house. So I don't understand why she hadn't gotten a warrant. She's not the person who would get the arrest warrant. The arrest warrant would be obtained by the filing of the criminal complaint. Did she operate under the approval of the prosecuting authorities? She did. She told them before she made the arrest what the facts were? Yes. And they told her to go ahead and make the arrest? Yes. Wisconsin, you know, can't defy the Supreme Court. No. You can't just authorize warrantless arrests in people's homes. It does not. Respectfully, it does not. In this case, had investigators... Are we talking about her immunity or qualified immunity? The qualified immunity has the two prongs, where the first question... No, I say, is that what your position is, that she has qualified immunity? Correct. Under the first prong of qualified immunity, if there's no violation of a legal right, you never get to the second prong. I understand, but I just wanted to make sure that was your defense. Correct. Yes. And in this case, the defendants have said there is no violation of the legal right. Once the officer is legally in the house with consent and with the search warrant... If an officer is operating under the direction of the prosecuting authority who is immune... Correct. Does that provide for qualified immunity? The extraordinary circumstances doctrine... What are you saying? Are you saying Wisconsin has its own law of arrest and allows warrantless arrests in the private home? No. Well, why wasn't there an arrest warrant? Because the arrest warrant follows the criminal complaint, and so it is the prosecutor... I don't understand that follows the criminal complaint. All you have to do is go to a magistrate with an affidavit explaining what the probable cause is, and the issue is a warrant. Under 968.043A7, at the time that the arrest warrant is requested, it is either attached with the complaint or it is provided on the bottom of the complaint. And so for that reason, it was at that point that Investigator Ditliffson went to the district attorney to discuss her findings. You're not answering my question, which is, doesn't Payton require a warrant to arrest a person in his home unless there are exigent circumstances or some other special circumstance? No. Payton said that in order to have an arrest that's non-consensual warrantless arrest in the home, there had to be exigent circumstances. And in this case, there was consent. This is not a case where... There wasn't a consent to be arrested? What does that mean? There was consent to be in the home. Yes, I know, but the mere fact that you are in the... You can't... If a police officer knocks on the door, and you open the door and say, come in, and so on, and he says, oh, well, since I'm here lawfully, since you permitted me to enter, I'm arresting you. I don't need a warrant because you let me in. Is that your view of the law? That's not my view, respectfully, Your Honor. It is the fact that they entered the house with a search warrant. Why didn't she get a warrant? She did not get an arrest warrant because her purpose was getting the search warrant. When she had the search warrant with the probable cause, at that point, she was instructed by the district attorney to make the probable cause arrest. It was the district attorney's call not to get the arrest warrant. But he hadn't gotten authority from the magistrate. The district attorney provided the advice to Investigator Ditliffson, which she relied on. I can't see any excuse for not getting a warrant. One of the options is getting an arrest warrant. However, a warrantless arrest, when it's made with probable cause, is not violative of the Constitution. What happened to Payton, then? Payton talks about the fact that it's a non-consensual arrest, non-consent into the house. What is a non-consensual arrest? What are you talking about? It's a non-consensual entrance. He just says, oh, fine. I'm happy to be arrested. Your Honor, Mr. Byrd invited the officers into his home, provided them with a GPS device, and they arrested based on probable cause. This was an arrest that was fair. He said they had the probable cause before they knocked on his door. Correct. Then they could have gotten a warrant. They could have, but they don't have to. And they didn't bother. They could have, but they did not have to, as long as they have probable cause. Why didn't they have to? What case, what federal case do you rely on for the proposition that if you're allowed into someone's home, you can arrest him without a warrant? When the law enforcement is legally in the house, then at that point... I want a case. I want something besides your say-so. Your Honor, it is Payton that stated that the arrest could be made in the home as long as there was consent into the home. No, that's not true. Which we have the warrant and the consent. Pardon? There was the warrant to enter the home. You cannot be serious in thinking that if you allow a police officer into your house, he can arrest you without a warrant. He can arrest based on probable cause. If the police officer knocks on the door, who's going to say, get lost, I won't let you in? In Payton, the officers actually broke down the door to arrest him in his home. In this case, we had no facts at all like that. This was a case where, in fact, Investigator Ditliffson and Deputy Hall went to plaintiff's property. He came out to the yard and allowed the officers into the home. They had legal grounds to be in the home based on a search warrant and on consent. And once they're inside the house, they can legally arrest only with probable cause. I notice my time is... Okay, well, thank you, Ms. Tyler. Mr. Nikitas? Your Honor, if it pleases the court, it's Nikitas, but I didn't bring my third shoe, like Khrushchev. Your Honor, there are several points I wish to bring up. The law enforcement authorities do not have the luxury of ignoring evidence that contradicts other evidence that put together a story. In this particular case, it was the child's own mother that recommended that the child get a court-ordered psychological evaluation. And it was in Investigator Ditliffson's notes, part of the record, on account of the child's passing familiarity with objective reality. Or, in other words, her mother told the cops that her daughter was a liar and they ought to get her psychologically examined. Now, Investigator Ditliffson failed to brief the DA fully. So her use of the DA as any kind of a shield should be set aside. She failed to brief him on time, speed, and distance, the mileage receipt, and her misleading statements and misrepresentations to the Luceres, who were the employers of Mr. Burrick. Now, the DA should be found as a policymaker for Polk County in accordance with PEMBAUER and in accordance with Wisconsin statutes and the Polk County Sheriff's Department instruction number 600, which requires coordination between the sheriff and the DA when preparing and executing warrants. And those facts make him a policymaker and put the county on the hook for this case. I'd also like to bring the court's attention that I've brought a motion for the court to take judicial notice of public records of a new lawsuit filed in the Western District of Wisconsin starting on Saturday and filed today. It's 15CV701, Byrd v. Steffen, for facts that principally arose in the same core of facts in this case, but manifested in new facts that came to existence in 2015, particularly new defamatory statements that were communicated by the DA and the sheriff that resulted in a couple of job losses and the denial of a state-issued permit to get a shotgun. I see that the red light's on. I'll answer any questions that the court may have, but I thank the court for its attention. The court should reverse and remand and send this to trial. Thank you, Your Honor. Okay, well, thank you, Mr. Nikitas and Ms. Seiland. Can we take a quick break? Pardon? The court is going to take a very, very brief recess before we hear our last witness.